IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LELAND MONGOLD & LaDONNA MONGOLD, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:09CV86 |
| v. | ) ) | |
| UNIVERSAL NATIONWIDE, L.L.C., d/b/a UNIVERSAL DEBT REDUCTION, L.L.C., NATIONWIDE ASSET SERVICES, INC., and JOHN DOES 1-10, | ) ) ) ) ) ) | MEMORANDUM OPINION |
| Defendants. | ) ) | |

This matter is before the Court on defendants Universal Nationwide, LLC ("Universal") and Nationwide Asset Services, Inc.'s ("Nationwide") motion to dismiss (Filing No. 25). Universal and Nationwide request the Court dismiss the putative-class action plaintiffs Leland Mongold and LaDonna Mongold (collectively the "Mongolds") brought against Universal and Nationwide because an agreement between Universal, Nationwide, and the Mongolds contained a forum-selection clause mandating venue in California for any action related to the contract. As detailed herein, the Court finds the forum-selection clause enforceable making venue proper only in California. Thus, the Court will dismiss the action without prejudice. This moots all other issues and arguments raised by Universal and Nationwide.

**BACKGROUND**

Both Universal and Nationwide are entities formed under the laws of the State of California and have their principle place of business in Phoenix, Arizona (Amended Complaint ("AC"), Filing No. 33, ¶¶ 4, 5). Previously, Universal and Nationwide had their principle place of business in Sacramento, California (Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss ("Pl. Brief"), Filing No. 32, at 4, 12).

Universal and Nationwide represents themselves as credit counseling and debt settlement companies offering to help consumers end harassment from creditor or bill collectors and to improve consumers' credit and finances through debt management services (AC ¶ 12; AC, Exhibit B, at 4). In exchange for their services, Universal and Nationwide charge fees to consumers, including a set up fee, enrollment fee, retainer fee, monthly administrative fee, maintenance fee, electronic check fee, and termination fee (AC ¶ 20).

Not satisfied with the services they received from Universal and Nationwide, the Mongolds filed this suit seeking class certification for similarly situated people residing in Nebraska (*See* AC ¶¶ 39-42). The Mongolds allege several causes of action against Universal and Nationwide, including (1) RICO violations of 18 U.S.C. § 1962 (AC ¶¶ 52-66), (2) violations of the Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.* (AC

-2-

¶¶ 67-74), (3) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (AC ¶¶ 75-80), (4) violations of the Nebraska Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-302 *et seq.* (AC ¶¶ 81-82), and (5) violations of the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 *et seq.* (AC ¶¶ 83-87).  The Mongolds asserted subject-matter jurisdiction primarily under 28 U.S.C. § 1331, federal question (AC ¶ 1).

Universal and Nationwide filed their motion to dismiss on June 12, 2009 (Motion to Dismiss, Filing No. 25, at 1).  Among other things, Universal and Nationwide argued the Court should dismiss the case without prejudice under either Fed. R. Civ. P. 12(b)(3) or 12(b)(6)[1] because venue in Nebraska is not proper

---

[1] Universal and Nationwide move the Court pursuant to both paragraphs (b)(3) and (b)(6) in recognition that the Eighth Circuit has not determined which of these paragraphs governs venue dismissals based on a forum-selection clause.  *See Rainforest Café, Inc. v. EleckCo, LLC*, 340 F.3d 544, 545 n.5 (9th Cir. 2003) (declining to resolve which paragraph, (b)(3) or (b)(6), operates since the defendant moved under both paragraphs); *BTC-USA Corp. v. Novacare*, No. 07-3998, 2008 WL 2465814, at *2 (D. Minn. June 16, 2008) (recognizing the Eighth Circuit's statement in *Rainforest Café*).  Since a determination of which of these paragraphs governs venue dismissals based on forum-selection clauses is non-essential, the Court declines to determine which paragraph is the proper basis for the motion.

-3-

under the forum-selection clause[2] contained in the contract
between Universal, Nationwide, and the Mongolds.  The Mongolds
contend the forum-selection clause in the contract is not
operable and venue in Nebraska is proper.

## APPLICABLE LAW

Before addressing whether the forum-selection clause is
enforceable, the Court must first address what law is applicable
to evaluating the forum-selection clause's enforceability.
Universal and Nationwide contend federal law is applicable to
evaluating the forum-selection clause's enforceability, while the
Mongolds seemingly contend California law is applicable.

The Court finds federal law is the applicable law for
evaluating a forum-selection clause.  The Eighth Circuit has
indicated that enforcement of a forum-selection is a procedural
matter governed by federal law.  *Fru-Con Const. Corp. v.
Controlled Air, Inc.*, 574 F.3d 527, 538 (8th Cir. 2009); *see also
Rainforest Café, Inc. v. ElecCo, L.L.C.*, 340 F.3d 544, 546 (8th
Cir. 2003) (acknowledging a circuit split regarding whether a

---

[2] The clause states:

> 20) ENTIRETY, GOVERNING LAW and VENUE: . . .
> This Agreement shall be construed under the
> laws of the State of California and venue for
> its enforcement shall be in a court of proper
> jurisdiction in the County of Sacramento,
> California.

(AC, Exhibit A, at 2).

-4-

forum-selection clause's enforceability is a substantive or procedural issue).

If subject-matter jurisdiction in this case was based upon diversity of citizenship, under 28 U.S.C. § 1332, the Mongolds' contention that state law controls the forum-selection clause's enforceability may potentially have merit. However, because subject-matter jurisdiction is based on a federal question, under 28 U.S.C. § 1331, the Court need not address that issue.

## DISCUSSION

The Mongolds argue the forum-selection clause contained in the contract the Mongolds entered into with Universal and Nationwide is unenforceable for numerous reasons. The chief argument the Mongolds make is the forum-selection clause is not fundamentally fair, making the forum-selection clause unenforceable. For the following reasons, the Court finds the forum-selection clause in the contract is enforceable.

"Forum-selection clauses are *prima facie* valid and enforceable unless they are unjust or unreasonable or invalid." *M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750, 752 (8th Cir. 1999). Courts must scrutinize a forum-selection clause in a form contract for fundamental fairness. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 584, 595 (1991). A forum-selection clause can be fundamentally fair even when it is found

-5-

in a contract between a business entity and an individual consumer. *See Carnival*, 499 U.S. at 595 (finding a forum-selection clause between a cruise company and an individual consumer was enforceable); *Burcham v. Expedia, Inc.*, No. 4:07-CV-1963, 2009 WL 586513, at *5 (E.D. Mo. Mar. 6, 2009) (upholding a forum-selection clause against an individual plaintiff); *Jingeleski v. Bradford*, No. 8:07-cv-330, 2008 WL 281682, at *3 (D. Neb. Jan. 29, 2008) (upholding a forum-selection clause against an individual defendant). A forum-selection clause is still enforceable even when it is the product of a form contract and was not actually negotiated or bargained for. *Carnival Cruise*, 499 U.S. at 587; *M.B. Restaurants*, 183 F.3d at 752.

In evaluating whether the forum-selection clause in this case is fundamentally fair, the Court finds helpful the cases of *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991), and *Barnes v. FGL Clearwater, Inc.*, 397 B.R. 149 (Bankr. N.D. Ala. 2008). Because of the similarities between this case and those cases, the Court finds the forum-selection clause in this case to be fundamentally fair, and thus enforceable.

In *Carnival*, the U.S. Supreme Court determined a forum-selection clause in a contract between a cruise line and cruise passengers was enforceable. *Carnival*, 499 U.S. at 587. A passenger from Washington state on a Mexican cruise was injured during the cruise, and sued Carnival in federal court in the

-6-

Western District of Washington.  *Id.* at 588.  Carnival moved for summary judgment, arguing a forum-selection clause found on the back of the passengers ticket stub required the passenger to bring suit in the State of Florida, where Carnival was headquartered.  *Id.* at 587, 588.

In determining the forum-selection clause was enforceable the Supreme Court focused on the reasonableness of the clause.  *Id.* at 593.  Specifically, the Supreme Court determined the forum-selection clause was reasonable because "a cruise line has a special interest in limiting the fora in which it potentially could be subject to suit."  *Id.*  Because it was foreseeable passengers from many locales could potentially be injured on the cruise, it was reasonable for Carnival to limit the place where an action against them could be brought.  *Id.* (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 13 (1972)).

In addition, the Court determined the forum-selection clause was reasonable because it dispelled any confusion regarding where to bring suits arising from the contract, which would spare "litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions."  *Id.* at 593-94 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

-7-

Furthermore, the Court determined the forum-selection clause in *Carnival* was fundamentally fair because (1) there was no indication the chosen forum (Florida) was chosen to discourage passengers from pursuing legitimate claims, (2) the cruise line had its principle place of business in the forum state, (3) the cruise line did not commit fraud or overreach in obtaining the passengers ascent to the forum-selection clause, and (4) the passengers presumably retained the option of rejecting the contract with impunity.  *Id.* at 595.

The factors the Supreme Court evaluated in *Carnival* are relevant to the present case.  First, just as Carnival served a national clientele in operating its cruise line, Universal and Nationwide also serve a national clientele in their credit counseling and debt settlement business.  Thus, similar to how it was reasonable for Carnival to limit the place an action could be brought against Carnival, it is reasonable for Universal and Nationwide to limit the place where an action may be brought against Universal and Nationwide.  Furthermore, as in *Carnival*, the Mongolds have presented nothing to indicate Universal or Nationwide chose California as the forum for any illegitimate reason.  Rather, at the time the contract was made, Universal and Nationwide were both California companies, which had their principle place of business in Sacramento, California.  While it is true Universal and Nationwide moved their principle place of

-8-

business to Arizona, Universal and Nationwide are still companies formed under the laws of the State of California and have a legitimate interest in litigating in that state.[3]

Moreover, as in *Carnival*, Universal and Nationwide did not procure the forum-selection clause through fraud or overreaching, and the Mongolds presumably had the option to reject the forum-selection clause with impunity.  Although the Mongolds are not attorneys, their lack of legal sophistication is not sufficient to prevent the forum-selection clause from operating, just as the *Carnival* plaintiff's lack of legal sophistication was not sufficient to prevent the forum-selection clause from operating in that case.  Thus, the Supreme Court's ruling in *Carnival* supports a conclusion in the Mongolds' case that the forum-selection clause should be upheld.

The Court also finds the case of *Barnes v. FGL Clearwater, Inc.* supports the conclusion that the forum-selection clause in the Mongolds' case is valid.  In *Barnes*, the plaintiff initiated an adversarial proceeding in the bankruptcy court for the Northern District of Alabama against the defendant on behalf of a nationwide class for the defendant's alleged violations of the Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.*

---

[3]  Notwithstanding the Mongolds unsupported statement that Universal and Nationwide "fled" California for Arizona, see Pl. Brief at 12, there is nothing indicating these entities moved their principle place of business for the purpose of evading litigation, or any other impermissible purpose.

*Barnes v. FGL Clearwater, Inc.*, 297 B.R. at 153.  The defendant
moved to have the action transferred to the Middle District of
Florida from the Northern District of Alabama pursuant to a
contract between the parties containing a forum-selection clause
that required venue in Pinellas County, Florida.  *Barnes*, 297
B.R. at 152.  The bankruptcy court determined the forum-selection
clause contained in a contract between the plaintiff and the
defendant was enforceable because it was reasonable and
fundamentally fair.  *Id.* at 155.

   In opposing the motion, the plaintiff in *Barnes* argued
he would experience inconvenience and financial strain in
litigating in Florida.  *Id.* at 154.  In refuting this argument,
the bankruptcy court noted that because the case was a class
action, it would not be likely the plaintiff's presence would be
required in Florida for an extended time period, if at all.  *Id.*
Moreover, because the case was a class action, most of the costs
of litigation would be born by the plaintiff's counsel, and not
by the plaintiff himself.  *Id.*  Thus, the bankruptcy court
determined the plaintiff would experience little inconvenience or
financial hardship by litigating in Florida, instead of in
Alabama.  *Id.*

   In addition, the bankruptcy court in *Barnes* identified
the nature of the defendant's business (credit-repair services)
as being national, with all consumers in the United States

-10-

potentially being the defendant's customers.  *Id.*  Since the
defendant was potentially subject to litigation in all fifty
states, it was perfectly natural for the defendant to include the
forum-selection clause in its contracts in order to limit the
locations where actions could be filed.  *Id.*  For these reasons,
the bankruptcy court determined the forum-selection clause was
reasonable and fundamentally fair, and thus enforceable.  *Id.* at
155.

          Similar to the plaintiff in *Barnes*, who represented a
class of similarly situated people, the Mongolds seek to
represent a class of similarly situated people.  Like the
defendant in *Barnes*, Universal and Nationwide have a national
clientele, potentially in every state in the country.  As the
plaintiff in *Barnes* were unlikely to experience great
inconvenience or financial strain through representing the class
in the action in Florida, the Mongolds are unlikely to experience
great inconvenience or financial strain in representing their
class in this action if the action is brought in California.
Thus, because of the similar situation in *Barnes* in which the
bankruptcy court upheld the forum-selection clause, it follows
the forum-selection clause in this case should be upheld.

          A final matter remains to be decided:  whether to
dismiss the case without prejudice or to transfer the case to a
federal court in California, under 28 U.S.C. § 1404.

Generally, courts favor transfer of an action under § 1404 over dismissal if a forum-selection clause dictates venue in another federal district.  Charles A. Wright et al., 14D Federal Practice and Procedure § 3803.1 at 76 (2007).  However, when the forum-selection clause mandates venue in a state court, § 1404 has no application.  *Id.* at 117.  In such situations, the Court must dismiss or remand the case.  *Id.*

In this case, the forum-selection clause mandates venue in "a court of proper jurisdiction in the County of Sacramento, California." (AC, Exhibit A, at 2.)  Because the forum-selection clause does not dictate venue in a federal court, the Court determines transfer under § 1404 is not proper.  While the Mongolds have the option of bringing their case in a federal court located in Sacramento County, the Court will not prevent the Mongolds from exercising their option of bringing the case in a California state court located in Sacramento County.  For these reasons, the Court will dismiss the case without prejudice.

A separate order will be entered in accordance with this memorandum opinion.

DATED this 13th day of October, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

-12-